## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### April 21, 1917.

## THE PEOPLE v. PETRIUS C. VON DEN CORPUT, Alias JOHN HENDRICKS.

(177 App. Div. 682.)

DEATH SENTENCE—STAY OF EXECUTION OF SENTENCE—JURISDICTION—HABEAS CORPUS.

As no judge, court or officer, other than the Governor, can suspend the execution of a defendant sentenced to the punishment of death, except where the sheriff is authorized so to do (Code Crim. Pro., § 495), the Supreme Court has no power to stay the execution of a death sentence in order that the defendant may be brought before the court on habeas corpus to testify upon a hearing of a motion for a new trial. Such stay would be an improper attempt to interfere with the executive power.

THE defendant was convicted in the Court of General Sessions of the city and county of New York on October 28, 1915, of the crime of murder in the first degree. On February 27, 1917, the judgment of conviction was affirmed by the Court of Appeals. (See 220 N. Y. 627.) The Court of Appeals ordered that the judgment of death be carried into execution during the week beginning Monday, April 16, 1917. On Friday, April 20, 1917, the defendant's counsel served upon the district attorney of New York county affidavits and a notice of motion for a new trial upon the alleged ground of newly-discovered evidence, under the Code of Criminal Procedure (§ 465, subd. 7). This motion was made returnable on Monday, April 23, 1917, in the Court of General Sessions, Part 1. On Saturday, April 21, 1917, the defendant's counsel appeared before the Appellate Division, Second Department, and made

an application for the issuance of a writ of habeas corpus *ad testificandum* to bring the defendant before the Court of General Sessions as a witness upon the hearing of the motion for a new trial. (Code Civ. Pro., § 2011.) Incidental to this, the defendant's counsel applied to the court for a stay of execution of the defendant in order that the defendant might be brought before the Court of General Sessions pursuant to the writ of habeas corpus *ad testificandum,* if the writ should be issued. The Appellate Division heard argument upon the application. Its attention was called to the following statute: " No judge, court, or officer, other than the Governor, can reprieve or suspend the execution of a defendant sentenced to the punishment of death, except where a sheriff is authorized so to do, in a case and in the manner prescribed in the following sections of this chapter. This section does not apply to a stay of proceedings upon an appeal or writ of error." (Code Crim. Pro., § 495.)

*Moses H. Grossman* and *Alfred D. Lind,* for the application.

*Robert S. Johnstone, Assistant District Attorney,* and *John G. Dyer, Deputy Assistant District Attorney,* in opposition thereto.

The court retired and returned and rendered the following decision:

PER CURIAM:

We find that we have not the power. Any attempt by indirection to stay the execution would be fruitless and an improper attempt to interfere with the executive power.

JENKS, P. J., STAPLETON, PUTNAM and BLACKMAR, JJ., concurred.